**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3471
_____

UNITED STATES OF AMERICA

v.

PETER GOODCHILD,
                                  Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cr-00549-001)
Honorable Gerald A. McHugh, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 5, 2021

Before: KRAUSE, PHIPPS, and FUENTES, *Circuit Judges*

(Opinion filed: April 8, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

A jury convicted Peter Goodchild of multiple offenses relating to a decade-long scheme in which he defrauded his employer of over $1.5 million, primarily by using a PayPal account he illicitly opened in his employer's name. He now challenges his conviction for aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1), arguing that the jury instructions allowed him to be convicted for conduct that took place before that statute went into effect. Because we conclude that Goodchild was not prejudiced by any error in the instructions, we will affirm.

## A. Discussion[1]

Goodchild's indictment and subsequent conviction for aggravated identity theft arose from his use of his employer's name to open an account and make illicit transfers via PayPal, an online financial transaction service. Specifically, the proof at trial showed that Goodchild opened the account in 2002, and then regularly used it to make payments to himself from 2005 through 2012.

Goodchild's sole argument on appeal is that the statute under which he was convicted, the Identity Theft Penalty Enhancement Act, Pub. L. No. 108-275, 118 Stat. 831, was not enacted until 2004 and, consequently, his creation of the account in 2002 cannot form the basis of his conviction. The District Court did not specifically instruct the jury that it could not convict Goodchild of aggravated identity theft based on conduct

---

[1] The District Court had jurisdiction over this prosecution under 18 U.S.C. § 3231, and we have jurisdiction over Goodchild's appeal under 28 U.S.C. § 1291.

from before 2004, and he now maintains that this failure requires a new trial. We disagree.

Because Goodchild did not raise this issue at trial, we review for plain error. To prevail under that standard, a defendant must show that "(1) an error occurred, (2) the error is plain, and (3) it affect[s] substantial rights." *United States v. Smukler*, --- F.3d ---, No. 19-2151, 2021 WL 1056021, at *14 (3d Cir. Mar. 19, 2021) (internal quotation marks omitted) (alteration in original). If those conditions are met, we will exercise our discretion to correct only those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993).

Goodchild maintains that the jury instructions allowed him to be convicted "solely on the basis of conduct that was not criminal when [he] engaged in [it]," *United States v. Marcus*, 560 U.S. 258, 263 (2010), in violation of his right to due process.[2] The instructions as a whole, however, did not permit the jury to convict him of aggravated identity theft solely on the basis of pre-enactment conduct. We therefore perceive no constitutional error affecting Goodchild's substantial rights.

Even if the District Court erred by not giving a specific instruction concerning the time period at issue for the aggravated identity theft count, it ameliorated that error

---

[2] As the Supreme Court explained in *Marcus*, while a statute that purports to impose new criminal consequences retroactively violates the Ex Post Facto Clause, permitting a jury to convict a defendant "based exclusively on noncriminal, preenactment conduct" does not violate that clause but instead runs afoul of the ex post facto principles embodied in the Due Process Clause of the Fifth Amendment. *Id.* at 264.

3

elsewhere in its instructions.  At the close of its charge, the Court cautioned the jury:

> Now, during the course of the trial, you've heard evidence dating back to 2005, but what's before you concerns only charges dating from 2012 on.  So you may consider that evidence if it bears on your making a decision about the facts of the case, but I just wanted to emphasize that none of that gets charged in the case before you.

JA 403.

The District Court's appropriate explanation of the elements of identity theft also served to mitigate any risk that Goodchild would be convicted based on conduct that predated the offense.  The statute criminalizes identity theft committed "during and in relation to" an enumerated felony, here the wire fraud with which Goodchild was charged in Counts 1 through 48.  18 U.S.C. § 1028A(a)(1).  The Court therefore instructed the jury that it must first convict Goodchild of at least one wire fraud offense before it could find him guilty of aggravated identity theft, and that it must find as an element of the offense that Goodchild committed identity theft "during and in relation to a violation of the wire fraud statute."  JA 399–400.  And the earliest wire transmission charged as an instance of wire fraud in the indictment, a copy of which the jury was provided, did not take place until 2012.  As a result, the jury could have convicted Goodchild for identity theft only from 2012 onwards.

In short, any error in failing to give the additional instruction Goodchild now requests did not "affect[] substantial rights," *Smukler*, --- F.3d at ----, 2021 WL 1056021, at *14, because the jury, as it was instructed, was not permitted to convict on the basis of

4

pre-enactment conduct. Thus, the absence of Goodchild's proposed instruction was not plain error. *See id.*

**B.    Conclusion**

For the foregoing reasons, we will affirm the judgment of the District Court.